Milligan, J.,
delivered the opinion of the Court.
This is a motion to dismiss an appeal to this Court, from the Chancery Court at Blountsville, for want of an appeal bond.
The record shows, that a final decree was pronounced in this case, at the November Term, 1866; from which the complainants prayed an appeal, which was granted; and two months allowed, within which to give bond.
After the adjournment of the term, and before the expiration of the time allowed by the Chancellor, within which to give bond, one of the complainants, Alfred McPhatridge, who, as it appears, was the husband of his joint complainant, Sarah McPhatridge, appeared before the Clerk & Master, and instead of executing bond, as directed by the Chancellor, took and filed with the Master, the oath prescribed by the Statute for “poor persons and the defendants have now moved the Court to dismiss the appeal, for want of a bond.
The ground of objection is, not that an appeal or writ of error may not be prosecuted in forma pauperis; but that the pauper affidavit is not a compliance with the order of the Chancellor, granting the appeal. The order is, that two months are allowed the complainant, within which to give bond; and the question is, whether the pauper affidavit is a substantial . compliance with that order, or not.
The affidavit is set out in the record, and it is strictly in conformity to the provisions of the Statute: Code, sec. 3192.
*326 The oath is made by one only of the complainants; hut that is sufficient. When a husband and wife are joint parties, it is only necéssary for the former to take the oath; hut it is otherwise, when this relation does not exist between the parties: Grills et al. vs. Hill et al., 2 Sneed, 711.
But did the Clerk & Master have any authority, under the order of the Court, to administer the oath ? In the case of Davis vs. Dyer, 5 Sneed, 679, this Court held, that the oath must be taken in Court. The oath of the parties’ inability to bear the expenses of the appeal, is the substitute for the bond required by the general provisions of the Code, on this subject. And as the taking of such bond is a judicial act of the Court, so is the taking of the oath also. Hence, the reason for its being taken in Court: 7 Yer., 277; 11 Hum., 133.
But, in this case, by the order of the Chancellor, the Clerk was constituted the agent of the Court, to judge of the bond tendered within the time limited for its execution. This cannot be allowed. The practice of Chancery Courts allowing leave to give security for appeals, and taking bond, before the Master, in vacation, is reprehensible; but it has grown into such a general practice, and has been sanctioned by too long usage, to be now changed, unless by the intervention of the Legislature: Hale vs. Parmly, manuscript, Knoxville, 1850.
But, the rule being reprehensible, and only sanctioned by long usage, will not be extended: Moores vs. Smith, manuscript, Knoxville, 1849.
*327 It follows, therefore, that the appeal, which the Chancellor had no power to grant without a bond, or the pauper affidavit taken in due form, and in Court, according to law, must he dismissed.